### Kingman & Company and P. T. Baker v. C. W. C. Hill, Jr., Allie Hill, O. M. Mauk, and A. C. Jamieson.

1. HUSBAND AND WIFE—*May Give Preference to Each Other in Paying Debts.*—While more or less suspicion will naturally attach to transactions by which a debtor protects his wife in preference to his other creditors, yet if the claim is *bona fide* and if the wife has done nothing to estop her, she may insist upon and maintain her right to such a preference.

**Creditor's Bill.**—Appeal from the Circuit Court of Clark County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

ROBERT E. HAMILL, attorney for appellants.

GRAHAM & TIBBS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery to set aside a conveyance of real estate so that the property might be subject to sale on execution in favor of the complainant against the grantor.

It was charged that the conveyance was fraudulent be-

cause without consideration, and because intended by the parties to hinder and delay complainant in the collection of his demand.

Answers were filed denying the alleged want of consideration and averring that the transaction was free from fraud. The cause was heard upon pleadings and proofs, and a decree was entered dismissing the bill. It is urged this decree is contrary to the evidence.

A statement of the details of the controversy and of the evidence need not be made. As we regard it, the only important point in dispute is whether the sum of $2,500, which the grantee agreed to pay to the wife of the grantor, can be reached and subjected to the claims of the grantor's creditors.

Shortly stated, the grantor received at different times different sums of money from his wife's father which he invested in his business. For a part of this money he gave his notes, and for the residue there was only an open account.

These transactions ran along for a number of years without adjustment, though the fact of indebtedness was not questioned. Finally, the father-in-law died, leaving a will, by which he gave her these demands against her husband, which, with interest, aggregated $2,500 or more. This will was probated only a few months before the making of the deed in question.

If the evidence of the parties is to be believed, the wife had a *bona fide* demand against her husband for the sum which the grantee undertook to pay her.

It was a question of good faith and credibility which the chancellor was to determine, and in doing so, he enjoyed the advantage of having the parties all before him. He must have felt satisfied that their version of the matter was true and genuine. While more or less suspicion will naturally attach to such a transaction whereby a debtor protects his wife in preference to his other creditors, yet if the claim is *bona fide* and if the wife has done nothing to estop her, she may insist upon and maintain her right to the preference. After a careful reading of the case as presented by the abstract, we find no occasion to interfere with the decree and it will therefore be affirmed.